IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KONG PHENG VUE,

                                                                 OPINION AND ORDER

                    Plaintiff,

                                                                  12-cv-441-bbc

     v.

STATE OF WISCONSIN,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Kong Pheng Vue has filed a proposed complaint for monetary relief. Plaintiff is proceeding without prepayment of costs, and the complaint is now before the court for screening pursuant to 28 U.S.C. § 1915(e)(2). Under this statute, the court must dismiss the compliant if it is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who has immunity. 28 U.S.C. §1915(e)(2). The court has an obligation to address plaintiff's complaint liberally because he is proceeding pro se. Haines v. Kerner, 404 U.S. 519, 521 (1972). After reviewing the complaint, I have determined it must be dismissed for failure to provide notice of the claims as required by Federal Rule of Civil Procedure 8.

      Rule 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is rooted in fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to

1

understand whether a valid claim is alleged and if so what it is." Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 775 (7th Cir. 1994).  Rule 8 also requires that the complaint contain enough allegations of fact to make a claim for relief that is plausible on its face.  Aschcroft v. Iqbal, 555 U.S. 662, 678-79 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In the first paragraph of his complaint, plaintiff alleges that he has been discriminated against on various occasions because he is Hmong.  He called an unnamed attorney regarding representation in a civil suit, and the attorney did not want to represent him because he was Hmong.  In addition, he was given less food and poor service at a national fast food chain restaurant and "the services were segregated."  In the second and final paragraph, plaintiff mentions various personal illnesses and alleges that he is being sexually assaulted every night by unknown persons and that unknown substances are being added to his pillow.

Plaintiff's complaint does not state a claim against the State of Wisconsin, which is the only named defendant in this case.  He alleges that new employees receive state jobs, but he does not allege that he applied for state employment and was denied a job because of his race. Plaintiff's complaint also includes allegations about various people, none of whom have any apparent relationship with the state of Wisconsin.  As I explained to plaintiff in his previous case, he must identify those individuals who violated his rights and include them as named defendants in the caption.  Moreover, it is not clear from plaintiff's complaint

whether he is attempting to assert claims for discrimination, assault or something else.

Because plaintiff's complaint does not comply with Rule 8, I will dismiss it. However, this dismissal will be without prejudice, which means that plaintiff may file an amended complaint. If plaintiff chooses to file an amended complaint, he should set out his claims against any named defendant in short and plain statements. Plaintiff should draft the complaint as if he were telling a story to people who know nothing about his situation. Someone reading the complaint should be able to answer the following questions:

- What are the facts that form the basis for plaintiff's claims?
- What actions did defendant take that violated plaintiff's rights?
- What rights does plaintiff believe were violated?
- What relief does plaintiff want the court to provide?

In particular, plaintiff should take care to identify the persons he wishes to sue and name them as defendants in the caption of his complaint. He should also describe what actually happened *to him* rather than describing how racial discrimination commonly occurs.

Plaintiff may have thirty days in which to file an amended complaint. If he does not file an amended complaint, this action will be dismissed with prejudice.

Last, if plaintiff believes he is being assaulted or has been assaulted, then he should contact law enforcement.

ORDER

IT IS ORDERED that plaintiff Kong Pheng Vue's complaint is DISMISSED WITHOUT PREJUDICE. Plaintiff may have until October 25, 2012, in which to file an amended complaint that states clearly who he is trying to sue, why he thinks that party violated his constitutional rights and what he wants as a remedy for the violation. If he fails to filed an amended complaint, the clerk's office is directed to dismiss this case.

Entered this 25th day of September, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge